**Opinion filed November 27, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00171-CV

_____

## IN THE INTEREST OF T.L.C. AND C.A.C., CHILDREN

**On Appeal from the County Court at Law No. 2**

**Ector County, Texas**

**Trial Court Cause No. CC2-3157-PC**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order terminating the parental rights of the mother of T.L.C. and C.A.C. The mother appeals. She presents six issues on appeal in which she challenges the legal and factual sufficiency of the evidence to support termination. We affirm.

The termination of parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001 (West Supp. 2013). To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine

whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T) and that termination is in the best interest of the child. FAM. § 161.001.

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive *Holley* factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

In this case, the trial court found that the mother had committed five of the acts listed in Section 161.001(1)—those found in subsections (D), (E), (N), (O), and (Q). Specifically, the trial court found that the mother had placed or allowed

the children to remain in conditions or surroundings that endangered their physical or emotional well-being, had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the physical or emotional well-being of the children, had constructively abandoned the children, had failed to comply with the necessary provisions of a court order, and had knowingly engaged in criminal conduct that resulted in her conviction of an offense and confinement or imprisonment and inability to care for the children for not less than two years from the date of filing the petition. The trial court also found, pursuant to Section 161.001(2), that termination of the mother's parental rights would be in the best interest of the children.

The record shows that the Department of Family and Protective Services removed four-year-old T.L.C. and two-year-old C.A.C. from their mother's care due to her neglectful supervision of the children. The mother tested positive for methamphetamine and amphetamine, had a history of drug usage, and was unable to care for the children. The Department had previously been involved with the mother and had attempted to help her alleviate her need and desire for drugs. The mother admitted to being a drug addict for ten years. According to the Department's investigator, in addition to continued drug use, the mother was emotionally unable to protect the children, did not have resources, and did not provide a stable living environment to meet the children's basic needs.

The mother was arrested on May 8, 2012, and remained incarcerated "for the entirety of the case." She participated in the final hearing by telephone. The mother testified that she was sentenced to serve a 70-month sentence in federal prison for the possession of pseudoephedrine. According to the mother, her projected release date is June 2017, but she is eligible for a residential drug program under which she may be released to a halfway house in December 2015.

The children were removed from the mother and later placed with their father and stepmother, where they remain. The father and his wife provide a safe and appropriate home for the children. A conservatorship supervisor for the Department testified that it would be in the best interest of the children for their mother's parental rights to be terminated and for the children to be available for adoption by their stepmother. The mother's grandmother/adopted mother testified that she had worried about the children because of their mother's lifestyle and use of drugs. She also testified that the children are doing wonderfully with their father but that they miss their mother. At trial, the father asked that the mother's parental rights be terminated because that would be best for the children. He stated that he wanted his wife to adopt the children.

The Department produced clear and convincing evidence from which the trial court could reasonably have formed a firm belief that the mother had knowingly engaged in criminal conduct, that she was duly convicted and imprisoned for that conduct, and that her imprisonment and inability to care for the children would continue for more than two years after the date that the petition was filed. The Department filed the original petition in this case on April 19, 2012. On November 15, 2012, the Department filed an amended petition in which it added an allegation under Section 161.001(1)(Q) as a ground for termination of the mother's parental rights due to her conviction and confinement. The evidence at trial showed the mother's projected release date to be in 2017, but the mother testified that she might be released to a halfway house in December 2015, where she would have to stay for 180 days. Regardless of which filing date is used or which release date is used, more than two years will elapse from the petition's filing date to the date of the mother's release. Despite the mother's contention that she has provided for the care of the children by permitting the father to care for them during her incarceration, nothing in the record suggests that the father was

caring for the children on the mother's behalf. *See In re H.R.M.*, 209 S.W.3d 105, 108–10 (Tex. 2006). We hold that the evidence is legally and factually sufficient to support the trial court's finding under Section 161.001(1)(Q). *See id.* The mother's fifth issue is overruled.

Because a finding that a parent committed one of the acts listed in Section 161.001(1)(A)–(T) is all that is required under that statute, we need not address the mother's first through fourth issues in which she challenges the sufficiency of the evidence to support the trial court's other findings under Section 161.001(1). *See* TEX. R. APP. P. 47.1.

We also hold that, based on the evidence presented at trial and the *Holley* factors, the trial court could reasonably have formed a firm belief or conviction that termination of the mother's parental rights would be in the best interest of the children. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the desires of the children, the emotional and physical needs of the children now and in the future, the emotional and physical danger to the children now and in the future, the parental abilities of the parents and the stepmother, the extended incarceration of the mother, the conduct of the mother, the programs available to assist the family, the plans for the children by the Department, the past instability of the mother's living arrangements, the stability of the children's current placement, and the mother's long history of involvement with drug use despite previous efforts by the Department to help the mother, we hold that the evidence is both legally and factually sufficient to support the finding that termination of the mother's parental rights is in the best interest of the children. *See id.* We cannot hold that the finding as to best interest is not supported by clear and convincing evidence. The mother's sixth issue is overruled.

We affirm the trial court's order of termination.

JIM R. WRIGHT

CHIEF JUSTICE

November 27, 2013

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.